UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-2330

---

AGUS MUROKIB,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-193-333)

---

Submitted: March 20, 2008      Decided: April 16, 2008

---

Before MICHAEL, KING, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Mark Urbanski, LAW OFFICES OF MARK A. URBANSKI, Washington, D.C., for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Andrew B. Insenga, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agus Murokib, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Murokib first challenges the determination that he failed to establish his eligibility for asylum. The Board and immigration judge denied his request for asylum on the ground that he failed to establish by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States, and we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Given this jurisdictional bar, we also cannot review the underlying merits of his asylum claim.

Murokib also contends that the immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002)

- 2 -

(citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)); <u>see</u> 8 C.F.R. § 1251(b)(3) (2007). Based on our review of the record, we find that Murokib failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[*]Because Murokib failed to challenge the immigration judge's denial of his request for protection under the Convention Against Torture before the Board, we lack jurisdiction to consider it. <u>See</u> 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 861 (2005) (holding that we lack jurisdiction to consider an argument that was not raised before the Board).

- 3 -